Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6969 | **DATE** | 10/29/2001 |
| **CASE TITLE** | Drivecon Corp. vs. Hoist & Crane Service | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Plant Mechanical's Rule 12(b)(2) motion to dismiss is denied. (2-1) It is ordered to file its Answer to Drivecon's Complaint on or before November 9, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 30 2001 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | 6 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 10/29/2001 date mailed notice | |
| SN | courtroom deputy's initials | 01 OCT 29 PM 3:44 | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DRIVECON CORPORATION,            )
                                 )
            Plaintiff,           )
                                 )
    v.                           )    No.  01 C 6969
                                 )
HOIST & CRANE SERVICE GROUP, etc.,)
                                 )
            Defendant.           )

MEMORANDUM OPINION AND ORDER

This major commercial dispute between Drivecon Corporation ("Drivecon") and Hoist & Crane Service Group, a Division of Plant Mechanical Services, Inc. ("Plant Mechanical"), has not yet left the starting blocks because of the ongoing skirmishes between the litigants over the location of the turf where their battle must ultimately be waged. Initially Plant Mechanical was unsuccessful in resisting Drivecon's Fed. R. Civ. P. ("Rule") 12(b)(2) motion to dismiss the action that had earlier been filed by Plant Mechanical in the United States District Court for the District of Louisiana. Now Plant Mechanical has in turn sought dismissal, on like lack-of-personal-jurisdiction grounds, of this action brought against it by Drivecon. For the reasons stated in this memorandum opinion and order, Plant Mechanical loses on the current motion as well.

It is hardly necessary to state the obvious: Cases dealing with the statutory and constitutional reach of such long arm statutes as the Illinois version (735 ILCS 5/2-209) range all

over the lot. Over 15 years ago this Court attempted the near-impossible task of reconciling the Illinois caselaw on the subject in Club Assistance Program, Inc. v. Zukerman, 594 F.Supp. 341 (N.D. Ill. 1984). And because Club Assistance was only an effort to carry out the Erie v. Tompkins mandate of mirroring state law in an area where the mirror was extraordinarily cloudy, it came as a total surprise when a few years later an Illinois Appellate Court chose to endorse the Club Assistance opinion as an accurate statement of one of the operative long-arm principles (Arthur Young & Co. v. Bremer, 197 Ill.App.3d 30, 36, 554 N.E.2d 671, 676 (1st Dist. 1990)).[1] Be that as it may, the ensuing Illinois decisions have continued to send out almost hopelessly mixed signals.

This Court has reviewed each party's current presentation with care, and there is no question that Plant Mechanical's position has much force: None of its people has ever set foot in Illinois, and its "contacts" with this state have uniformly been

---

[1] This should not be misunderstood as a protest against that outcome. For anyone such as this Court, who confesses to being unregenerate enough to view Swift v. Tyson, 41 U.S. 1 (1842) as sound and Erie v. Tompkins, 304 U.S. 64 (1938) as being out of sync with the Supremacy Clause as properly understood (see this Court's Dooley Distinguished Lecture in Law, reprinted as Are Federal Courts Necessary?, 18 Loy. U. Chi. L.J. 1, 8-13 (1986); and more globally, see the monumental tome by Professor William Winslow Crosskey, Politics and the Constitution in the History of the United States (1953)), the notion that federal courts should be entitled to voice the definitive views on matters of state common law (or perhaps even on the proper construction of state statutes) would not be revolutionary.

2

at a far remove from this jurisdiction in physical terms. But what emerges from the welter of detail about what Plant Mechanical has or has not done that could or could not support haling it into court here[2] is the fact that its activities outside the state clearly subject it to jurisdiction here under Illinois cases that are exemplified by Ruprecht Co. v. Sysco Food Servs. of Seattle, Inc., 309 Ill.App.3d 113, 121-22, 722 N.E.2d 694, 700-01 (1st Dist 1999).

As Ruprecht and like cases have held, an out-of-state purchaser that might otherwise claim insulation from the assertion of personal jurisdiction in Illinois under the principles stated in Giotis v. Apollo of the Ozarks, Inc., 800 F.2d 660, 666-67 (7th Cir. 1986) cannot advance that position successfully where that purchaser has itself tailored and dictated the specifications for its purchases from the Illinois seller. Moreover, that proposition applies with special force where there has been an ongoing course of conduct of that type between the parties (in that respect see, e.g., G.M. Signs, Inc. v. Kirn Signs, Inc., 231 Ill.App.3d 339, 343-45, 596 N.E.2d 212, 215 (2d Dist. 1992)). Those lines of cases articulate the "active purchaser" v. "passive purchaser" dichotomy that Illinois

---

[2] In part Drivecon's submission has inappropriately recited its own activities here at its home base in Illinois (see, e.g., its Mem. 2), even while it correctly acknowledges at its Mem. 4 that "[o]nly the acts of defendant can be considered in determining whether business was transacted in Illinois."

3

courts have consistently set out as the predicate for exercising jurisdiction over purchasers in the "active" category--a category into which Plant Mechanical falls.

There is no suggestion that the just-described Illinois doctrine overreaches the permitted scope of a long arm statute in due process terms. That being the case, the just-discussed Illinois caselaw controls, and Plant Mechanical's Rule 12(b)(2) motion to dismiss is denied. It is (at last) ordered to file its Answer to Drivecon's Complaint on or before November 9, 2001.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Milton I. Shadur
　　　　　　　　　　　　　　　Senior United States District Judge

Date: October 29, 2001